## Olson *v.* Olson, Appellant.

Argued April 16, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Harold S. Hampson,* for appellant.

*C. Henry Nicholson,* for appellee.

OPINION BY KELLER, P. J., July 18, 1941:

The libellant, a minor, by her father and next friend brought this action for absolute divorce against her husband, on the ground of indignities to the person, such as to render her condition intolerable and life burdensome. The libel was filed June 3, 1939 and was served on the respondent personally on June 9. The same day his attorney entered an appearance for him and on July 7 asked for a bill of particulars, which was filed August 7, and set forth ample grounds for a divorce. No answer was filed by the the respondent until *July 24, 1940.*

In the meantime the libellant had presented a petition for alimony pendente lite and counsel fees, on which the court (November 10, 1939) ordered respondent to pay libellant's attorney $50, and $75 for the support of libellant and her 18-months' old child, which order the respondent neglected to comply with, *in toto.*

The divorce case came on for a hearing before the court on June 18, 1940—no answer had yet been filed; the libellant was present in court with her witnesses; but the respondent's attorney asked for a continuance because of his client's inability to be present. The respondent had not yet complied with the court's order of November 10, 1939, and the court in continuing the hearing until July 18, 1940, imposed the condition that respondent comply with said order; it also gave the libellant the option of being heard at once, or on July 18, 1940, at which time, having complied with said conditions, the respondent might then be heard. No witnesses were examined on June 18.

On July 18 the case was continued to August 14, and again to August 29, when the libellant and her witnesses were heard by the court. The respondent was not present at any of the times fixed, but his counsel was present at the trial or hearing on August 29. He did not cross-examine any of the witnesses, nor participate in the hearing beyond being physically present.

This failure actively to oppose the divorce at the hearing may have misled the libellant's attorney in the presentation of her case, for he did not go fully or extensively into all the matters set forth in detail in the bill of particulars filed, but confined the testimony to rather general evidence of indignities, involving the frequent use of opprobrious names, personal violence to libellant, and failure to provide her and her child with a home. They were married on July 26, 1937, when she was eighteen years old, and lived together until March 1939, when she left him. He never bought any furniture for a home, but secured from time to time a furnished room or rooms, moving eleven times in a year and a half, and for a period of months they lived, cooked and slept in one room. His abuse and neglect of her began several months after they were married and continued until she left him. Since then, he had furnished no support to her or her child.

While it would have been more satisfactory if the libellant had gone fully into the matters set out in her bill of particulars, we are of opinion that her testimony and that of her witnesses was sufficient to show a course of conduct such as to justify the decree of divorce entered by the judge, who, himself, saw and heard the witnesses. The respondent offered no testimony.

The appellant, in addition to arguing that the testimony was insufficient to sustain the decree, also assigns for error the order of June 18, 1940, continuing the hearing, and complains that by this order he was denied an opportunity to appear and defend the case. We do

not so understand the order. The court was not required to continue the hearing. The libellant and her witnesses were present and the respondent had presented no legal ground for continuance. The court had a right to annex reasonable terms or conditions to the continuance and compliance with the existing order of court was not an unreasonable condition. However, it was only a condition for the grant of the *continuance,* and if not complied with, it could not be extended so as to deny him the right to defend. Had the court refused to permit the respondent to appear, defend and testify at the hearing on July 18, or August 29, it would have been error; but he did not appear, and made no effort to be heard on July 18, or at any subsequent date. He is not in a position to assert that he would have been denied a hearing and the right to testify, if he had appeared and submitted evidence, for he made no offer or attempt to do so. The record does not give support to such an assertion. Throughout, he has been neglectful and disregardful of the duty resting on him as a respondent, and of his obligation to comply with the reasonable orders of the court. He did not even file an answer until after the date fixed for the continuance which he asked.

We are of the opinion that nothing in the record warrants us in reversing the decree on this ground.

Decree affirmed, at the costs of the appellant.